# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY L. WILLIAMS,<br>　　　　Plaintiff<br><br>　　　　v.<br><br>THOMAS PEREZ,<br>　　　　Defendant | Civil Action No. 14-788 (CKK) |

## MEMORANDUM OPINION
(June 16, 2015)

Plaintiff Anthony Williams, proceeding *pro se¸* brings this action against Thomas Perez, Secretary of Labor, challenging certain actions of the Department of Labor pertaining to Plaintiff's whistleblower protection claim with regard to his former employer, United Airlines.[1] Presently before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to comply with Rule 8(a), and on the grounds of res judicata. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendant's [16] Motion to Dismiss.[3]

---

[1] While Plaintiff's complaint is far from clear, his response to Defendant's Motion to Dismiss together with the background provided in previous related cases provides some additional clarity regarding his claims in this action. *See generally* Pl.'s Reply in Opp'n to Justice Department's Motion for Summary Dismissal, ECF No. 21.

[2] The Court's consideration has focused on the following documents:
- Pl.'s Verified Complaint for Declaratory and Injunctive Relief ("Compl."), ECF No. 1;
- Def.'s Mot. to Dismiss and Mem. in Support Thereof ("Def.'s Mot."), ECF No. 16;
- Pl.'s Reply in Opp'n to Justice Dept.'s Motion for Summary Dismissal ("Pl.'s Opp'n"), ECF No. 21; and
- Def.'s Reply to Opp'n to Mot. to Dismiss ("Def.'s Reply"), ECF No. 22.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

[3] Given that the Court grants Defendant's Motion to Dismiss, the Court DENIES AS MOOT Plaintiff's [24] Motion for Final Determination of Justice Department's Motion to Dismiss.

The Court concludes that, as a result of the exclusive remedial scheme of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21"), 49 U.S.C. § 42121, it does not have jurisdiction over Plaintiff's claim. Because the Court concludes that it does not have jurisdiction over this action, the Court does not reach Defendant's alternative arguments for dismissal. The Court dismisses this case in its entirety.

## I. BACKGROUND

Plaintiff does not set out the background facts of this action in his Complaint in a straightforward fashion. But because the Court must construe the *pro se* Complaint liberally, the Court draws the background facts from the several previous cases referenced by Plaintiff, *see* Compl. at 6, in which the issues underlying this case were litigated.

Plaintiff worked at United Airlines' Oakland Maintenance Facility from 1989 until his termination in 2003. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1020-21 (9th Cir. 2007) ("*Williams I*"). At that point, a long history of litigation regarding this matter began. Plaintiff first filed suit in the Northern District of California against United Airlines and against his supervisor alleging retaliatory discrimination under the Whistleblower Protection Program of AIR 21 and presenting three state law tort claims. *Id.* at 1021. On appeal, the Ninth Circuit Court of Appeals concluded that the District Court lacked jurisdiction over the action because AIR 21 did not create a private right of action in federal district Court. *See id.* Subsequently, Plaintiff filed a complaint before the Department of Labor pursuant to 49 U.S.C. § 42121, which was denied by the Department of Labor's Administrative Review Board because it was not timely filed. *Williams v. United States Department of Labor*, 447 F. App'x 853 (9th Cir. 2011) ("*Williams II*").

The Ninth Circuit affirmed the denial of Plaintiff's administrative complaint on appeal.[4] *See id.*

Plaintiff then filed suit once again in the Northern District of California, attempting to overturn

the previous judgments against him in that court and before the Department of Labor's

Administrative Review Board. *Williams v. U.S. Dep't of Labor*, No. C 11-6653 CW, 2012 WL

1536338, at *1 (N.D. Cal. May 1, 2012) ("*Williams III*"). That district court dismissed Plaintiff's

complaint for lack of subject matter jurisdiction. Plaintiff then filed suit in California state court

against the Secretary of Labor, certain Department of Labor employees, United Airlines, and

other defendants, essentially claiming that those defendants engaged in a conspiracy to terminate

him for improper reasons and to uphold that termination in subsequent legal proceedings in

violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et

seq.* and the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. *See Williams v. UAL, Inc.*, No. 12-CV-

3781 YGR, 2012 WL 6523409, at *3 (N.D. Cal. Dec. 13, 2012) ("*Williams IV*"). The district

court dismissed the claims, and the Ninth Circuit affirmed on appeal. *See Williams v. UAL, Inc.*,

551 F. App'x 341, 341 (9th Cir. 2013) ("*Williams V*"). With respect to the Department of Labor,

the Ninth Circuit concluded that the district court lacked subject matter jurisdiction over

Plaintiff's claim because AIR 21 vested exclusive jurisdiction in the Courts of Appeal for review

of such decisions of the Department of Labor. *See id.* (citing 49 U.S.C. § 42121(b)(4)(A)).

Not content with the results of the prior proceedings, Plaintiff filed suit in this Court

seeking review of the Department of Labor's handling of the underlying matter and seeking to

---

[4] Plaintiff first appealed the denial to the United States Court of Appeals for the Federal Circuit, which concluded that it did not have jurisdiction to review the decision and transferred the case to the Ninth Circuit. *See Williams v. U.S. Department of Labor*, 370 F. App'x 97, 97-98 (Fed. Cir. 2010).

overturn the decisions of the various courts that have previously considered Plaintiff's related claims. Defendant moves to dismiss, and that motion is now before the Court.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over its claim. *Moms Against Mercury v. FDA,* 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta,* 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1106 (D.C. Cir. 2005). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.,* 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citations omitted).

## III. DISCUSSION

Defendant moves to dismiss, arguing that this Court does not have subject matter jurisdiction over Plaintiff's Complaint, which seeks review of the Secretary of Labor's actions regarding Plaintiff's whistleblower complaint. Because the Court agrees that this action must be dismissed for lack of subject matter jurisdiction, the Court does not reach Defendant's alternative arguments in favor of dismissal.

The Whistleblower Protection Program enacted in the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21") was "designed to 'provide protection for airline employee whistleblowers by prohibiting the discharge or other discrimination against an employee who provides information to its employer or the Federal government about air safety or files or participates in a proceeding related to air safety.' " *Williams I*, 500 F.3d at 1021 (quoting H.R. Rep. No. 106-167, pt. 1, at 100 (1999)). "Consistent with this goal, the [Whistleblower Protection Program] established a detailed administrative scheme for the investigation and resolution of claims brought by airline employees." *Id.* (citing 49 U.S.C. § 42121(b); 29 C.F.R. Part 1979). Specifically, "[a] person who believes that he or she has been discharged or otherwise discriminated against by any person" as a result of whistleblowing activity, as delineated in the statute, "may, not later than 90 days after the date on which such violation occurs, file … a complaint with the Secretary of Labor alleging such discharge or discrimination." 49 U.S.C. § 42121(b)(1). *See also id.* § 42121(a) (delineating protected activities). If an employee's complaint presents a prima facie case with respect to the statutory requirements for a whistleblower discrimination claim, the Secretary of Labor "shall issue a final order providing the relief prescribed by this paragraph or denying the complaint." *Id.* § 42121(b)(3); *see id.* § 42121(b)(2).

The statute establishes an exclusive scheme of judicial review of the decisions of the Secretary of Labor. "Any person adversely affected or aggrieved by an order issued … may obtain review of the order in the United States Court of Appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred or the circuit in which the complainant resided on the date of such violation." *Id.* § 42121(b)(4)(A). The statute specifically prohibits collateral attack in a district court. *Id.* § 42121(b)(4)(B) ("An order of the

Secretary of Labor with respect to which review could have been obtained under subparagraph (A) shall not be subject to judicial review in any criminal or other civil proceeding.").

In this case, Plaintiff seeks review of the Department of Labor's handling and denial of his complaint pursuant to the Whistleblower Protection Program established by AIR 21. However, as the Ninth Circuit concluded in earlier proceedings regarding this case, the statute vests exclusive jurisdiction to review decisions of Department of Labor regarding such complaints in the Courts of Appeals. *See Williams V*, 551 F. App'x at 341 (citing 49 U.S.C. § 42121(b)(4)(A)). The statute is clear: there is no collateral review of orders of the Secretary of Labor regarding whistleblower claims through any civil or criminal action, other than through the specified procedure for obtaining review in the Courts of Appeals. *See* 49 U.S.C. 42121(b)(4)(B). Indeed, Plaintiff has already sought review of the Department of Labor's decision in the Ninth Circuit pursuant to the judicial review provision of the statute. *See Williams III*, 447 F. App'x at 854. The Ninth Circuit dismissed his petition for review because it was not filed by the deadline established in the statute. *See id.*

The statute allows a private party to file a civil action in a district court to enforce an order by the Secretary of Labor. *See* 49 U.S.C. § 42121(b)(6). However, Plaintiff is not seeking to enforce any order of the Secretary of Labor; to the contrary, Plaintiff is challenging the actions of the Department of Labor. Similarly, the statute allows a petition for mandamus pursuant to 28 U.S.C. § 1361 to enforce "any nondiscretionary duty imposed by this section." *Id.* § 42121(c). However, although Plaintiff generally alleges wrongdoing by the Department of Labor, Plaintiff

has not identified any failure to carry out a nondiscretionary duty created by section 42121 of

AIR 21.[5]

Similarly, any attempt by Plaintiff to rely on the general judicial review provisions of the

Administrative Procedure Act is unavailing. While the Administrative Procedure Act provides

judicial review in the district courts for "final agency action for which there is no other adequate

remedy in a court," that provision is inapplicable here because the statute establishes a scheme of

judicial review. The provisions of the Administrative Procedure Act cannot be used to

circumvent the exclusive judicial review provision of AIR 21. *Cf. Coal River Energy, LLC v.

Jewel*, 751 F.3d 659, 664 (D.C. Cir. 2014) ("It seems quite apparent to us that Congress's

fashioning of an explicit provision for judicial review … —and limiting the time to raise such a

challenge—meets the *Elgin* standard" for the exclusivity of a judicial review provision).

In his Complaint, Plaintiff recognizes that several other courts—specifically the Northern

District of California and the Ninth Circuit Court of Appeals—have ruled against him in various

prior proceedings related to this action. Having failed to obtain relief in those courts, Plaintiff

appears to seek review of those decisions in this Court. However, insofar as Plaintiff seeks

collateral review of prior decisions of other district courts or of Courts of Appeals, this Court has

no authority to conduct such a review. Plaintiff has already availed himself of the statutory

provisions for judicial review of other judicial decisions, seeking review of decisions of the

Northern District of California in the Ninth Circuit Court of Appeals pursuant to 28 U.S.C.

---

[5] Indeed, in compliance with the scheme established by AIR 21, an administrative law judge recommended dismissal of Plaintiff's complaint before the Department of Labor because it was filed after the filing deadline for such claims, and the Department of Labor Administrative Review Board affirmed the recommendation of the administrative law judge, dismissing the complaint. *See Williams III*, 2012 WL 1536338, at *1. Plaintiff disagrees with the outcome but that is not tantamount to alleging a failure to carry out a nondiscretionary duty.

§ 1291 and petitioning for mandamus in the Supreme Court. *See In re Anthony L. Williams*, No. 13-5071, Supreme Court docket listing, http://www.supremecourt.gov/search.aspx?filename=/docketfiles/13-5071.htm/ (petitions for mandamus and for rehearing denied). This Court is not an alternative venue for challenging previous decisions of other federal courts.

As a final matter, Plaintiff's citations to other sources of statutory and regulatory authority appear to be in the service of his attempt to seek review of previous judicial decisions. *See generally* Compl.; Pl.'s Opp'n. For instance, Plaintiff references the provisions of RICO and of the Sarbanes-Oxley Act in seeking review with respect to a law suit he filed in California state court that was subsequently removed to federal district court in California and dismissed there. *See* Compl. at 5; *Williams V*, 551 F. App'x at 341. Ultimately, even construing the *pro se* Complaint liberally, as this Court must, Plaintiff has failed to establish subject matter jurisdiction under any of the sources of law that he references. *See Moms Against Mercury,* 483 F.3d at 828. Accordingly, the Court concludes that it does not have jurisdiction over the claims in this action.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's [16] Motion to Dismiss. The Court concludes that it does not have subject matter jurisdiction over the claims in this action and dismisses this case in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

Dated: June 16, 2015

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge